**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOGDAN SZUMILAS on Behalf of Himself and all Others Similarly Situated,<br><br>     Plaintiffs,<br><br> v.<br><br>THE CBE GROUP INCORPORATED,<br><br>    Defendant. | Case No.  2:15-CV-8595<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Bogdan Szumilas ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1.     Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of The CBE Group Incorporated ("Defendant") in negligently, knowingly, and willfully contacting Plaintiff and class members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

2.     Defendant has violated the TCPA by contacting Plaintiff and class members on their cellular telephones via an "automatic telephone dialing system" (referred to as an "autodialer" herein), as defined by 47 U.S.C. § 227(a)(1), without their prior express consent within the meaning of the TCPA.

3.     Plaintiff further brings this action for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 et seq. (hereinafter, the "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. Plaintiff alleges that Defendant engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt.

## PARTIES

4.     Plaintiff Szumilas is, and at all times mentioned herein was, a resident of Walnut, California and a citizen of the State of California.

5.     Defendant The CBE Group Incorporated is an Iowa corporation with its principal place of business at 1309 Technology Parkway, Cedar Falls, Iowa 50613. Defendant specializes in debt-collection services on behalf of third party creditors,

including businesses in the communications, financial, utility, education, and healthcare industries, and prides itself on "outsourced call center solutions."

6.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed Class; (b) some members of the proposed Class have a different citizenship from Defendant; and (c) the claims of the proposed Class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

8.    This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of federal statutes, the TCPA and the FDCPA.  This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

9.    This Court has personal jurisdiction over Defendant because it conducts substantial business within California, such that Defendant has significant, continuous, and pervasive contacts with the State of California.  Defendant is registered with the California Secretary of State to conduct business within California.

10.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant transacts significant business within this District.  Specifically, Defendant engages in debt collection practices in this District, collects money from persons in this District pursuant to such debt collection practices, and places telephone calls to persons residing in this District in furtherance of its debt collection practices.  Venue

is also proper under 28 U.S.C. § 1391(c) because Defendant is subject to personal jurisdiction in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity … (a) to store or product telephone number to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13.     According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are paid.

14.     On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by (or on behalf of) a creditor are permitted *only* if the calls are made with the "prior express consent" of the called party.  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."  Further, even where a wireless subscriber initially grants a creditor express consent to be called through the use of an auto-dialer, a wireless subscriber can

revoke express consent orally under the TCPA.  Thus, the TCPA equally outlaws the use of autodialed calls to a wireless number where the called party has revoked consent to be called at that wireless phone number.

## FACTUAL ALLEGATIONS

15.     At all relevant times, Plaintiff Szumilas was an individual residing in the State of California.  Plaintiff Szumilas is a "person" as defined by 47 U.S.C. § 153(39).  Plaintiff is a "consumer" as that term is defined under 15 U.S.C. § 1692a(3) and under California Civil Code § 1788.2.

16.     Prior to the automated calls at issue in this action, Plaintiff Szumilas has not had any contact with Defendant.  Plaintiff has never consented in writing, or otherwise, to receive calls to his cellular phone from Defendant.  Plaintiff has never provided Defendant his cellphone number.

17.     The following chart shows each time and date that Defendant called Plaintiff on his cellular phone using an automatic dialer without his prior express consent.  The chart also states the phone number Defendant used to place such calls.

**Log of Automated Calls to Plaintiff Szumilas' Cellular Telephone Number**

| Defendant's Phone Number | Time of Call |
|---|---|
| 8772246529 | 4/29/2015 at 9:20 a.m. |
| 8772246529 | 4/29/2015 at 12:30 p.m. |
| 8772246529 | 4/29/2015 at 3:55 p.m. |
| 8772246529 | 4/29/2015 at 7:10 p.m. |
| 8772246529 | 4/30/2015 at 9:13 a.m. |
| 8772246529 | 4/30/2015 at 12:18 p.m. |
| 8772246529 | 4/30/2015 at 12:18 p.m. |
| 8772246529 | 4/30/2015 at 3:23 p.m. |

| 8772246529 | 4/30/2015 at 6:32 p.m. |
|---|---|
| 8772246529 | 5/01/2015 at 9:17 a.m. |
| 8772246529 | 5/01/2015 at 12:26 p.m. |
| 8772246529 | 5/01/2015 at 3:37 p.m. |
| 8772246529 | 5/01/2015 at 7:40 p.m. |
| 8772246529 | 5/02/2015 at 9:29 a.m. |
| 8772246529 | 5/04/2015 at 9:10 a.m. |
| 8772246529 | 5/04/2015 at 12:18 p.m. |
| 8772246529 | 5/04/2015 at 3:53 p.m. |
| 8772246529 | 5/04/2015 at 7:08 p.m. |
| 8772246529 | 5/05/2015 at 9:08 a.m. |
| 8772246529 | 5/05/2015 at 12:12 p.m. |
| 8772246529 | 5/05/2015 at 3:23 p.m. |
| 8772246529 | 5/05/2015 at 6:29 p.m. |
| 8772246529 | 5/06/2015 at 9:24 a.m. |
| 8772246529 | 5/06/2015 at 12:34 p.m. |
| 8772246529 | 5/06/2015 at 3:50 p.m. |
| 8772246529 | 5/06/2015 at 6:56 p.m. |
| 8772246529 | 5/07/2015 at 9:10 a.m. |
| 8772246529 | 5/08/2015 at 9:02 a.m. |
| 8772246529 | 5/08/2015 at 12:14 p.m. |
| 8772246529 | 5/08/2015 at 3:22 p.m. |
| 8772246529 | 5/08/2015 at 6:56 p.m. |
| 8772246529 | 5/11/2015 at 9:23 a.m. |
| 8772246529 | 5/11/2015 at 12:54 p.m. |
| 8772246529 | 5/11/2015 at 5:13 p.m. |
| 8772246529 | 5/12/2015 at 9:21 a.m. |

| 8772246529 | 5/12/2015 at 7:12 p.m. |
|---|---|
| 8772246529 | 5/13/2015 at 9:14 a.m. |
| 8772246529 | 5/13/2015 at 12:41 p.m. |
| 8772246529 | 5/13/2015 at 7:00 p.m. |
| 8772246529 | 5/14/2015 at 9:16 a.m. |
| 8772246529 | 5/14/2015 at 12:47 p.m. |
| 8772246529 | 5/14/2015 at 7:02 p.m. |
| 8772246529 | 5/15/2015 at 9:35 a.m. |
| 8772246529 | 5/15/2015 at 12:49 p.m. |
| 8772246529 | 5/15/2015 at 4:38 p.m. |
| 8772246529 | 5/15/2015 at 7:47 p.m. |
| 8772246529 | 5/16/2015 at 9:30 a.m. |
| 8772246529 | 5/18/2015 at 9:25 a.m. |
| 8772246529 | 5/18/2015 at 12:34 p.m. |
| 8772246529 | 5/18/2015 at 3:46 p.m. |
| 8772246529 | 5/18/2015 at 6:57 p.m. |
| 8772246529 | 5/19/2015 at 9:14 a.m. |
| 8772246529 | 5/19/2015 at 3:50 p.m. |
| 8772246529 | 5/19/2015 at 6:56 p.m. |
| 8772246529 | 5/20/2015 at 9:03 a.m. |
| 8772246529 | 5/20/2015 at 12:09 p.m. |
| 8772246529 | 5/20/2015 at 3:20 p.m. |
| 8772246529 | 5/20/2015 at 6:32 p.m. |
| 8772246529 | 5/21/2015 at 9:09 a.m. |
| 8772246529 | 5/21/2015 at 12:17 p.m. |
| 8772246529 | 5/21/2015 at 3:22 p.m. |
| 8772246529 | 5/21/2015 at 6:27 p.m. |

| 8772246529 | 5/22/2015 at 9:03 p.m. |
|---|---|
| 8772246529 | 5/22/2015 at 12:16 p.m. |
| 8772246529 | 5/22/2015 at 3:23 p.m. |
| 8772246529 | 5/22/2015 at 6:34 p.m. |
| 8772246529 | 5/23/2015 at 9:04 a.m. |
| 8772246529 | 5/26/2015 at 9:10 a.m. |
| 8772246529 | 5/26/2015 at 12:17 p.m. |
| 8772246529 | 5/26/2015 at 3:34 p.m. |
| 8772246529 | 5/26/2015 at 6:42 p.m. |
| 8772246529 | 5/27/2015 at 9:21 a.m. |
| 8772246529 | 5/27/2015 at 12:48 p.m. |
| 8772246529 | 5/27/2015 at 3:52 p.m. |
| 8772246529 | 5/27/2015 at 7:05 p.m. |
| 8772246529 | 5/28/2015 at 9:11 a.m. |
| 8772246529 | 5/28/2015 at 12:32 p.m. |
| 8772246529 | 5/28/2015 at 3:42 p.m. |
| 8772246529 | 5/28/2015 at 6:51 p.m. |
| 8772246529 | 5/29/2015 at 12:44 p.m. |
| 8772246529 | 5/29/2015 at 4:03 p.m. |
| 8772246529 | 5/29/2015 at 7:12 p.m. |
| 8772246529 | 5/30/2015 at 9:09 a.m. |
| 8772246529 | 6/01/2015 at 9:29 a.m. |
| 8772246529 | 6/03/2015 at 9:14 a.m. |
| 8772246529 | 6/03/2015 at 12:28 p.m. |
| 8772246529 | 6/03/2015 at 3:36 p.m. |
| 8772246529 | 6/03/2015 at 7:13 p.m. |
| 8772246529 | 6/05/2015 at 9:12 a.m. |

| 8772246529 | 6/05/2015 at 12:31 p.m. |
|---|---|
| 8772246529 | 6/05/2015 at 7:12 p.m. |
| 8772246529 | 6/08/2015 at 1:14 p.m. |
| 8772246529 | 6/08/2015 at 6:34 p.m. |
| 8772246529 | 6/10/2015 at 9:15 a.m. |
| 8772246529 | 6/10/2015 at 12:24 p.m. |
| 8772246529 | 6/10/2015 at 3:44 p.m. |
| 8772246529 | 6/10/2015 at 7:16 p.m. |
| 8772246529 | 6/12/2015 at 9:20 a.m. |
| 8772246529 | 6/12/2015 at 12:27 p.m. |
| 8772246529 | 6/12/2015 at 3:53 p.m. |
| 8772246529 | 6/12/2015 at 7:16 p.m. |
| 8772246529 | 6/15/2015 at 9:27 a.m. |
| 8772246529 | 6/15/2015 at 1:06 p.m. |
| 8772246529 | 6/15/2015 at 7:10 p.m. |
| 8772246529 | 6/17/2015 at 9:05 a.m. |
| 8772246529 | 6/17/2015 at 12:22 p.m. |
| 8772246529 | 6/17/2015 at 4:02 p.m. |
| 8772246529 | 6/19/2015 at 9:12 a.m. |
| 8772246529 | 6/19/2015 at 12:29 p.m. |
| 8772246529 | 6/19/2015 at 4:06 p.m. |
| 8772246529 | 6/22/2015 at 9:12 a.m. |
| 8772246529 | 6/22/2015 at 1:43 p.m. |
| 8772246529 | 6/23/2015 at 9:05 a.m. |
| 8772246529 | 6/23/2015 at 12:23 p.m. |
| 8772246529 | 6/23/2015 at 4:12 p.m. |
| 8772246529 | 6/24/2015 at 9:32 a.m. |

| 8772246529 | 6/25/2015 at 9:41 a.m. |
|---|---|
| 8772246529 | 6/25/2015 at 12:53 p.m. |
| 8772246529 | 6/30/2015 at 9:41 a.m. |
| 8772246529 | 6/30/2015 at 12:54 p.m. |
| 8772246529 | 6/30/2015 at 7:40 p.m. |
| 8772246529 | 7/01/2015 at 9:23 a.m. |
| 8772246529 | 7/01/2015 at 12:28 p.m. |
| 8772246529 | 7/02/2015 at 9:08 a.m. |
| 8772246529 | 7/02/2015 at 1:22 p.m. |
| 8772246529 | 7/03/2015 at 3:43 p.m. |
| 8772246529 | 7/06/2015 at 9:10 a.m. |
| 8772246529 | 7/07/2015 at 9:37 a.m. |
| 8772246529 | 7/07/2015 at 3:56 p.m. |
| 8772246529 | 7/08/2015 at 9:39 a.m. |
| 8772246529 | 7/08/2015 at 1:09 p.m. |
| 8772246529 | 7/08/2015 at 7:24 p.m. |
| 8772246529 | 7/09/2015 at 11:38 a.m. |
| 8772246529 | 7/09/2015 at 3:14 p.m. |
| 8772246529 | 7/10/2015 at 9:27 a.m. |
| 8772246529 | 7/10/2015 at 12:50 p.m. |
| 8772246529 | 7/10/2015 at 4:46 p.m. |
| 8772246529 | 7/10/2015 at 7:54 p.m. |
| 8772246529 | 7/13/2015 at 12:19 p.m. |
| 8772246529 | 7/13/2015 at 7:43 p.m. |
| 8772246529 | 7/14/2015 at 1:06 p.m. |
| 8772246529 | 7/15/2015 at 1:17 p.m. |
| 8772246529 | 7/15/2015 at 7:02 p.m. |

CLASS ACTION COMPLAINT

9

| | |
|---|---|
| 8772246529 | 7/16/2015 at 10:41 a.m. |
| 8772246529 | 7/16/2015 at 2:33 p.m. |
| 8772246529 | 7/16/2015 at 7:43 p.m. |
| 8772246529 | 7/17/2015 at 10:27 a.m. |
| 8772246529 | 7/17/2015 at 2:41 p.m. |
| 8772246529 | 7/17/2015 at 7:26 p.m. |
| 8772246529 | 7/20/2015 at 6:27 p.m. |
| 8772246529 | 7/21/2015 at 11:03 a.m. |
| 8772246529 | 7/21/2015 at 2:34 p.m. |
| 8772246529 | 7/21/2015 at 7:05 p.m. |
| 8772246529 | 7/22/2015 at 9:14 a.m. |
| 8772246529 | 7/22/2015 at 1:33 p.m. |
| 8772246529 | 7/22/2015 at 5:10 p.m. |
| 8772246529 | 7/23/2015 at 2:52 p.m. |
| 8772246529 | 7/23/2015 at 6:21 p.m. |
| 8772246529 | 7/24/2015 at 9:38 a.m. |
| 8772246529 | 7/24/2015 at 1:43 p.m. |
| 8772246529 | 7/24/2015 at 7:09 p.m. |
| 8772246529 | 7/27/2015 at 12:42 p.m. |
| 8772246529 | 7/27/2015 at 6:17 p.m. |
| 8772246529 | 8/14/2015 at 1:39 p.m. |
| 8772246529 | 8/14/2015 at 7:23 p.m. |
| 8772246529 | 8/17/2015 at 4:39 p.m. |
| 8772246529 | 8/18/2015 at 2:55 p.m. |
| 8772246529 | 8/19/2015 at 10:18 a.m. |
| 8772246529 | 8/19/2015 at 3:37 p.m. |
| 8772246529 | 8/19/2015 at 7:50 p.m. |

| 8772246529 | 8/20/2015 at 9:48 a.m. |
|---|---|
| 8772246529 | 8/20/2015 at 6:11 p.m. |
| 8772246529 | 8/21/2015 at 9:42 a.m. |
| 8772246529 | 8/24/2015 at 9:37 a.m. |
| 8772246529 | 8/24/2015 at 7:23 p.m. |
| 8772246529 | 8/25/2015 at 11:56 a.m. |
| 8772246529 | 8/25/2015 at 7:06 p.m. |
| 8772246529 | 8/26/2015 at 12:38 p.m. |
| 8772246529 | 8/26/2015 at 7:31 p.m. |
| 8772246529 | 8/27/2015 at 11:42 a.m. |
| 8772246529 | 8/27/2015 at 7:38 p.m. |
| 8772246529 | 8/28/2015 at 3:13 p.m. |
| 8772246529 | 8/31/2015 at 12:43 p.m. |
| 8772246529 | 9/01/2015 at 9:38 a.m. |
| 8772246529 | 9/01/2015 at 7:09 p.m. |
| 8772246529 | 9/02/2015 at 11:04 a.m. |
| 8772246529 | 9/02/2015 at 7:14 p.m. |
| 8772246529 | 9/03/2015 at 11:15 a.m. |
| 8772246529 | 9/03/2015 at 6:10 p.m. |
| 8772246529 | 9/04/2015 at 12:37 p.m. |

18.     In total, Defendant called Plaintiff Szumilas at least 190 times using an autodialer without his prior express consent, as set out above.  On at least one such autodialed call, Plaintiff Szumilas answered the telephone and spoke to one of Defendant's employees.  Defendant's employee stated that the employee was seeking to speak to an individual with whom Plaintiff Szumilas has no known association and who Plaintiff Szumilas had never heard of prior to such call. Plaintiff Szumilas told Defendant's employee on such call that he did not know the

person the employee was inquiring about and instructed Defendant's employee to not call him again.  Despite Plaintiff Szumilas' instruction not to be called, Defendant continued calling Plaintiff Szumilas' cellphone without his express consent, and placed the vast majority of the above specified calls after Plaintiff Szumilas' instructions.

19.    Defendant's hundreds of relentless calls made for the purposes of debt collection, often at a rate of four calls per day, at all times of the day, for months on end, constitute harassing and abusive practices prohibited by the FDCPA and the Rosenthal Act, including but not limited to 15 U.S.C. § 1692d(5) and Cal Civ. Code § 1788.11(d) and (e).

20.    Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21.    All telephone contact by Defendant to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers.

22.    The telephone number that Defendant used to contact Plaintiff was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

23.    Plaintiff did not provide "prior express consent" allowing Defendant to place telephone calls to his cellular phone by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

24.    Defendant did not make telephone calls to Plaintiff's cellular telephone "for emergency purposes" as defined in 47 U.S.C. § 227(b)(1)(A).

25.    Defendant's telephone calls to Plaintiff's cellular telephone placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

26.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.  *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

28.    Plaintiff proposes the following Do Not Call Class definition, subject to amendment as appropriate:

> All persons within the United States (a) whose phone number is listed on Defendant's do not call registry, (b) who received a phone call from Defendant, (c) after requesting to stop receiving calls from Defendant, and (d) such phone call was placed through the use of an automatic telephone dialing system to such persons' cellular telephone, (e) at any time in the period that begins four years before the date of filing this Complaint to the date that class notice is disseminated.

Collectively, all such persons will be referred to as "Do Not Call Class members." Plaintiff Szumilas represents, and is a member of, the Do Not Call Class.  Excluded from the Do Not Call Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

29.    Plaintiff further proposes the following FDCPA Class definition, subject to amendment as appropriate:

> All persons within the United States who received four or more debt collection phone calls from Defendant during the course of a twenty four hour period at

any time in the period that begins four years before the date of filing this Complaint to the date that class notice is disseminated.

Collectively, all such persons will be referenced to as the "FDCPA Class members." Plaintiff Szumilas represents, and is a member of, the FDCPA Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

30.     Plaintiff further proposes the following Rosenthal Act Class definition, subject to amendment as appropriate:

All California residents who received four or more debt collection phone calls from Defendant during the course of a twenty four hour period at any time in the period that begins four years before the date of filing this Complaint to the date that class notice is disseminated.

Collectively, all such persons will be referenced to as the "Rosenthal Act Class members." Plaintiff Szumilas represents, and is a member of, the Rosenthal Act Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

31.     Collectively the Do Not Call Class, the FDCPA Class, and the Rosenthal Act Class will be referred to as the "Classes."

32.     Plaintiff does not know the exact number of members in the Classes, but reasonably believes based on the scale of Defendant's debt collection business that the Classes are so numerous that individual joinder would be impracticable.

33.    Plaintiff and all members of the Classes have been harmed by the acts of Defendant, both through incurring charges as a result of Defendant's harassing calls and due to statutory violations set out herein.

34.    The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Classes can be identified easily through records maintained by Defendant.

35.    There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the Classes. Those common question of law and fact include, but are not limited to, the following:

    a.  Whether Defendant made non-emergency calls to Plaintiff and the Do Not Call Class' cellular telephones using an automatic telephone dialing system;

    b.  Whether Defendant can meet its burden of showing that it obtained prior express consent during the transaction that resulted in the debt owed, to make such calls;

    c.  Whether Defendant made non-emergency calls to Plaintiff and the Do Not Call Class members' cellular telephones using an automatic telephone dialing system after members of the Do Not Call Class revoked any prior express consent and/or after such telephone numbers were placed on Defendant's do not call registry;

    d.  Whether Defendant made harassing calls in violation of 15 U.S.C. § 1692d(5) and Cal. Civ. Code § 1788.11(d) and (e);

    e.  Whether Defendant's conduct was knowing and/or willful;

    f.  Whether Defendant is liable for damages, and the amount of such damages, and

g. Whether Defendant should be enjoined from engaging in such conduct in the future.

36. As a person who received numerous and repeated calls on his cellular phone from an automatic telephone dialing system, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each member of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has no interests which are antagonistic to any member of the Classes.

37. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA, the FDCPA, and the Rosenthal Act. The interest of the members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA, FDCPA, and the Rosenthal Act are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

39. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA, FDCPA, and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

**(On Behalf of Plaintiff and members of the Do Not Call Class)**

40.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

41.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Do Not Call Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

43.     Plaintiff and members of the Do Not Call Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

44.     Plaintiff and members of the Do Not Call Class are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

**(On Behalf of Plaintiff and members of the Do Not Call Class)**

45.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

46.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

47.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Do Not Call Class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48.     Plaintiff and all members of the Do Not Call Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

49.     Plaintiff and members of the Do Not Call Classes are also entitled to an award of attorneys' fees and costs.

### THIRD COUNT
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, *et seq.*

**(On Behalf of Plaintiff and members of the FDCPA Class)**

50.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

51.     Defendant's course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including but not limited to 15 U.S.C. § 1692d(5).

52.     As a result of Defendant's actions, Plaintiff and the Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, *et seq*.

### FOURTH COUNT
### VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, *et seq.*

**(On Behalf of Plaintiff and members of the Rosenthal Act Class)**

53.     Plaintiff incorporates by reference the foregoing paragraphs of his Complaint as if fully stated herein.

54.     The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or

unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

55.     Defendant also violated Cal. Civ. Code 1788.17, which requires Defendant to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq.* in all of its collection efforts.

56.     Therefore, Plaintiff and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the Classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA, FDCPA, and the Rosenthal Act by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Do Not Call Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violation of 47 U.S.C. 227(b)(1), Plaintiff seeks for himself and each member of the Do Not Call Class $500.00 in statutory damages for each and every call that violated the TCPA.

d. An award of damages as permitted by the FDCPA and Rosenthal Act;

e. An award of attorneys' fees and costs to counsel for Plaintiff and the Classes;

f. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes, finding that Plaintiff is a proper representative of the Classes, and

appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

g.  Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.


Dated:  November 3, 2015                    Respectfully submitted,

                                            **BURSOR & FISHER, P.A.**

                                            By:_____/s/Yeremey Krivoshey_____
                                                    Yeremey Krivoshey

                                            L. Timothy Fisher (State Bar No. 191626)
                                            Annick M. Persinger (State Bar No. 272996)
                                            Yeremey O. Krivoshey (State Bar No.295032)
                                            1990 North California Blvd., Suite 940
                                            Walnut Creek, CA  94596
                                            Telephone: (925) 300-4455
                                            Email: ltfisher@bursor.com
                                                    apersinger@bursor.com
                                                    ykrivoshey@bursor.com

                                            *Attorneys for Plaintiffs*